UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CULLEN M. HANKERSON,

    Plaintiff,

v.

PIERCE COUNTY HOUSING AUTHORITY, *et al*.,

    Defendants.

Case No.  C07-5145RBL

ORDER TO SHOW CAUSE

This matter comes before the court on plaintiff's filing of an application to proceed *in forma pauperis* and the submission of a complaint for service.  The Court, having reviewed the record finds the following deficiencies:

1. Plaintiff's complaint is deficient.  Plaintiff names the Pierce County Housing Authority, Robert Rowland, John Doe, and Jane doe as defendants.  The complaint alleges a Deanna Lee Abelson, through acts of extortion and theft, caused defendants to sign a one-year lease his mother's house.  Plaintiff alleges the lease of the home caused him damages, including attorneys fees paid to Ronald Hendry, motel expenses, damage to the property, lost furniture, and administrative costs in the amount of $30,000.00.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).  In addition,

ORDER
Page - 1

1  plaintiff must allege facts showing how individually named defendants caused or personally participated in
2  causing the harm alleged in the complaint. <u>Arnold v. IBM</u>, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant
3  cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position.
4  <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat*
5  *superior* is not sufficient to state a § 1983 claim. <u>Padway v. Palches</u>, 665 F.2d 965 (9th Cir. 1982). An
6  unauthorized intentional deprivation of property by a state employee does not constitute a violation of the
7  Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available under state law.
8  <u>Hudson v. Palmer</u>, 468 U.S. 517 (1984). The State of Washington provides a meaningful post-deprivation
9  remedy for the intentional or negligent loss of property by state agents and employees. <u>Jeffries v. Reed</u>, 631
10 F. Supp. 1212, 1216 (E.D. Wash. 1986).

11     Here plaintiff's complaint does not allege how each defendant's personal participation or conduct has
12 deprived him of a right, privilege or immunity secured by the Constitution or the laws of the United States.
13 In other words, plaintiffs complaint fails to show how defendants, who may have been acting based on
14 fraudulent information provided by Ms. Abelson, deprived him or prevented him from exercising any of his
15 constitutional rights. Moreover, section 1983 requires both state action and a specific deprivation of a federal
16 constitutional, civil, or statutory right. It appears Plaintiff alleges a deprivation of property caused by a private
17 citizen (Ms. Abelson), and he Plaintiff names certain individuals (Robert Rowlands) as defendant but he
18 appears to be named in a supervisory capacity. Plaintiff has not shown how Mr. Rowlands, or any other
19 defendant, has acted under the color of state law to deprive Plaintiff of a right or privilege protected by the
20 U.S. Constitution or federal law.

21     Accordingly, this court orders the following:
22     (i) Plaintiff shall seek to cure these deficiencies by filing **an amended complaint by no later than**
23 **May 23, 2007.** If plaintiff fails to cure these deficiencies this court will recommend dismissal of this matter.
24     (ii) The Clerk is directed to send copies of this Order and the General Order to plaintiff.
25     DATED this 23rd day of April, 2007.

        */s/ J. Kelley Arnold*
        J. Kelley Arnold
        U.S. Magistrate Judge