UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CULLEN M. HANKERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>PIERCE COUNTY HOUSING AUTHORITY *et al.*,<br><br>    Defendants. | Case No. C07-5145RBL<br><br>ORDER ON PENDING MOTIONS AND ORDER TO FILE A SECOND AMENDED COMPLAINT |

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff was given leave to proceed *in forma pauperis.* Plaintiff names as defendants, the Pierce County Housing Authority, Robert Rowlands, and John and Jane Doe. Plaintiff alleges a person named Deanna Lee Abelson was allowed to lease out his mother's house to third persons. He does not allege Deanna Abelson acts under color of state law (Dkt. # 6 original complaint).

On April 24, 2007, the court entered an order to show cause as the original complaint was deficient (Dkt. # 7). Since the order was entered, plaintiff has filed three pleadings.

The first pleading is a motion asking the Pierce County Jail be ordered to provide legal materials to him. (Dkt. # 9). That motion must be **DENIED.** The Pierce County Jail is not a named defendant in this action and the Jail is not before the court.

Plaintiff's second pleading is entitled "motion to amend complaint." (Dkt. # 10). In fact, this document is an attempt to file an amended complaint. The amended complaint suffers from the same defects as the original. Plaintiff alleges a person named Deanna Lee Abelson was allowed to rent out the house of plaintiff's

ORDER PAGE 1

mother as the personal representative of his mothers estate.  Plaintiff alleges Ms. Abelson was not the personal representative of the estate. Thus, plaintiff alleges the county was negligent in allowing Ms. Abelson to rent out the house (Dkt. # 10, page 1).

To establish county or municipal liability under  § 1983, a plaintiff  must show that (1) he was deprived of a constitutional right;  (2) the county or municipality has a policy;  (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation.   Oviatt v. Pearce, 954 F.2d 1470, 1474  (9th Cir.1992).  The Supreme Court has emphasized that the unconstitutional acts of a government agent cannot, standing alone, lead to municipal liability; there is no respondeat superior liability under § 1983.  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 692 (1978).  A municipality may only be liable where its policies are the " 'moving force [behind] the constitutional violation.' "  City of  Canton v. Harris, 489 U.S. 378, 389, (1989)(quoting Monell at 694).  Plaintiff has not alleged facts to support liability against the Pierce County Housing Authority or Mr. Rowland in a Civil Rights Action.

Liberally construing plaintiff's pleading the court considers the pleading as a motion to amend.  That motion is **GRANTED.**  Plaintiff will have until **July 27, 2007,** to file an acceptable complaint. **The Clerk's Office is directed to send plaintiff two 1983 complaint forms**.

Plaintiff's final pleading is a letter asking for help with problems he is having with the jail. (Dkt. # 11). Plaintiff's chief concern seems to be the lack of 1983 forms.  The clerk is sending two forms as directed above.

The Clerk is directed to send a copy of this Order and the two forms to plaintiff, **remove, (Dkt. # 9, 10 and 11), from the court's calendar, and note the due date for the second amended complaint as July 27, 2007.**

**Plaintiff is warned that failure to file an acceptable complaint will lead to a Report and Recommendation that this action be dismissed.**

DATED this 2 day of July, 2007.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER PAGE 2