UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CULLEN M. HANKERSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PIERCE COUNTY HOUSING AUTHORITY *et al.*,<br><br>　　　　Defendants. | Case No. C07-5145RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**August 31, 2007** |

　　This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff has been given leave to proceed *in forma pauperis* (Dkt. # 5).

　　In April of 2007, after review of the initial complaint, the court ordered plaintiff to Show Cause why this action should not be dismissed (Dkt. # 7). Plaintiff then filed three pleadings with the court (Dkt. # 9, 10, and 11). One of the pleadings was an attempt to amend the complaint (Dkt. # 10).

　　The amended complaint contained the same defects as the original. Liberally construing

REPORT AND RECOMMENDATION- 1

plaintiff's filings, the court granted plaintiff leave to file a second amended complaint and warned him that the second amended complaint needed to be filed on or before July 27, 2007.  On July 30, 2007, the court received a second amended complaint from Mr. Hankerson (Dkt. # 13).  The court has carefully reviewed the three attempts to file a viable complaint in this action.  The court recommends that this action be **DISMISSED** for failure to state a claim with the dismissal counting as a strike pursuant to 28 U.S.C. 1915 (g).

## FACTS

This case involves the estate of Hannalore Hankerson, Mr. Hankerson's mother (Dkt. # 13, page 5, (letter to Mr. Hankerson from the U.S. Department of Housing and Urban Development)). Deanna Abelson, claiming to be the representative of Hannalore Hankersons's estate, rented out Mrs. Hankerson's house.  The program under which the house was rented was funded by the United States Department of Housing and Urban Development.  Although the federal government provided the funding, the program was administered by the Pierce County Housing Authority.

Deanna Abelson, had a power of attorney from Mr. Hankerson and alleged she was acting as his agent and representative when she signed the lease agreements (Dkt. # 13, page 5).  When Mr. Hankerson informed the Pierce County Housing Authority of a potential conflict, payments were withheld.  Mr. Hankerson later revoked his power of attorney status for Ms. Abelson.

Mr. Ronald Hendry was appointed as the personal representative of the estate of Hannalore Hankerson, and the Pierce County Housing Authority sent him all past withheld payments in addition to monthly payments after December 13, 2006.  Plaintiff, Mr. Hankerson, cannot receive the payments directly because the home of Hannalore Hankerson is an asset of the estate.  Mr. Hankerson does not have ownership of the property or administrative powers for the estate (Dkt. # 13, page 5).

Mr. Hankerson originally brought this action as a Civil Rights action and attempted to sue The Pierce County Housing Authority and the district director, Robert Rowland. (Dkt. # 6).  Deanna Abelson is mentioned in the complaint but was not named as a defendant.

An order to show cause was entered.  The court stated:

REPORT AND RECOMMENDATION- 2

>     Plaintiff's complaint is deficient. Plaintiff names the Pierce County Housing Authority, Robert Rowland, John Doe, and Jane doe as defendants. The complaint alleges a Deanna Lee Abelson, through acts of extortion and theft, caused defendants to sign a one-year lease [of] his mother's house. Plaintiff alleges the lease of the home caused him damages, including attorneys fees paid to Ronald Hendry, motel expenses, damage to the property, lost furniture, and administrative costs in the amount of $30,000.00.
>
>     In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986). In addition, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of respondeat superior is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982). An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available under state law. Hudson v. Palmer, 468 U.S. 517 (1984). The State of Washington provides a meaningful post-deprivation remedy for the intentional or negligent loss of property by state agents and employees. Jeffries v. Reed, 631 F. Supp. 1212, 1216 (E.D. Wash. 1986).
>
>     Here plaintiff's complaint does not allege how each defendant's personal participation or conduct has deprived him of a right, privilege or immunity secured by the Constitution or the laws of the United States. In other words, plaintiffs complaint fails to show how defendants, who may have been acting based on fraudulent information provided by Ms. Abelson, deprived him or prevented him from exercising any of his constitutional rights. Moreover, section 1983 requires both state action and a specific deprivation of a federal constitutional, civil, or statutory right. It appears Plaintiff alleges a deprivation of property caused by a private citizen (Ms. Abelson), and he, Plaintiff, names certain individuals (Robert Rowlands) as defendant but he appears to be named in a supervisory capacity. Plaintiff has not shown how Mr. Rowlands, or any other defendant, has acted under the color of state law to deprive Plaintiff of a right or privilege protected by the U.S. Constitution or federal law.

(Dkt. # 7).

Plaintiff then filed his "motion to amend" (Dkt. # 10). Plaintiff's arguments and fact pattern suffered from the same defect as his original complaint. The court entered an order allowing plaintiff an opportunity to amend and stated:

>     Plaintiff's second pleading is entitled "motion to amend complaint." (Dkt. # 10). In fact, this document is an attempt to file an amended complaint. The amended complaint suffers from the same defects as the original. Plaintiff alleges a person

REPORT AND RECOMMENDATION- 3

named Deanna Lee Abelson was allowed to rent out the house of plaintiff's mother as the personal representative of his mother's estate. Plaintiff alleges Ms. Abelson was not the personal representative of the estate. Thus, plaintiff alleges the county was negligent in allowing Ms. Abelson to rent out the house (Dkt. # 10, page 1).

> To establish county or municipal liability under § 1983, a plaintiff must show that (1) he was deprived of a constitutional right; (2) the county or municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir.1992). The Supreme Court has emphasized that the unconstitutional acts of a government agent cannot, standing alone, lead to municipal liability; there is no respondeat superior liability under § 1983. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 692 (1978). A municipality may only be liable where its policies are the " 'moving force [behind] the constitutional violation.' " City of Canton v. Harris, 489 U.S. 378, 389, (1989)(quoting Monell at 694). Plaintiff has not alleged facts to support liability against the Pierce County Housing Authority or Mr. Rowland in a Civil Rights Action.

(Dkt. # 12).

Plaintiff then filed his second amended complaint (Dkt. # 13). Plaintiff names Harlan Stewart, Director of the Seattle Regional Office of the United States Department of Housing and Urban Development, Kathleen Keul, an employee of the United States Department of Housing and Urban Development, Karen Hull, Executive Director for the Pierce County Housing Authority, Robert Rowland, an employee of the Pierce County Housing Authority, and the Pierce County Housing Authority itself (Dkt. # 13). His complaint suffers from the same defects and the first two complaints. The court now recommends this action be **DISMISSED** for failure to state a claim. As plaintiff is an inmate proceeding in forma pauperis this dismissal counts as a strike pursuant to 28 U.S..C. 1915 (g).

## DISCUSSION

Plaintiff's complaint is deficient. Plaintiff names the Regional Director of the Department of Housing and Urban Development, Harlan Stewart, but he provides no information showing how this defendant acted. Plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services,

REPORT AND RECOMMENDATION- 4

436 U.S. 658, 694 n.58 (1978). A theory of respondeat superior is not sufficient to state a § 1983 claim. <u>Padway v. Palches</u>, 665 F.2d 965 (9th Cir. 1982).

Plaintiff also names the Executive Director of the Pierce County Housing Authority, Karen Hull. Plaintiff fails to allege facts showing personal involvement with any decision to lease the property in the estate of Hannalore Hankerson.

Plaintiff names Robert Rowland, who responded to plaintiff when he alleged Deanna Abelson could not receive rent payments (Dkt. # 13). Plaintiff again fails to allege facts showing personal involvement with any decision to lease the property in the estate of Hannalore Hankerson.

Plaintiff names Kathleen Keul, Ms. Keul is a Public Housing Revitalization Specialist working for the United States Department of Housing and Urban Development. She is mentioned in the May 18, 2007 letter sent to Mr. Hankerson. There are no facts as to how she acted, and again plaintiff fails to allege facts showing personal involvement with any decision to lease the property in the estate of Hannalore Hankerson.

Even if plaintiff had plead facts showing which County employee made the decision to allow Ms. Abelson to lease the house plaintiff's claim would fail. As the court noted in the original Order to Show cause:

> An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available under state law. <u>Hudson v. Palmer</u>, 468 U.S. 517 (1984). The State of Washington provides a meaningful post-deprivation remedy for the intentional or negligent loss of property by state agents and employees. <u>Jeffries v. Reed</u>, 631 F. Supp. 1212, 1216 (E.D. Wash. 1986).

(Dkt. # 7). Plaintiff cannot state a claim against any person in federal court based on this fact pattern. The court recommends this action be dismissed prior to service for failure to state claim. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915 (g).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule

REPORT AND RECOMMENDATION- 5

72(b), the clerk is directed to set the matter for consideration on **August 31, 2007**, as noted in the caption.

DATED this 14 day of August, 2007.

                                        <u>/S/ *J. Kelley Arnold*</u>
                                        J. Kelley Arnold
                                        United States Magistrate Judge

REPORT AND RECOMMENDATION- 6